## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| MICHAEL SPEHR, on Behalf of Himself and Others Similarly Situated,<br><br>  Plaintiff,<br><br>v.<br><br>SETERUS, INC.,<br><br>  Defendant. | **CLASS ACTION COMPLAINT**<br>[JURY TRIAL DEMANDED] |

Michael Spehr ("Plaintiff"), on behalf of himself and all others similarly situated, files this class action complaint against Seterus, Inc. ("Seterus" or "Defendant") and states:

## NATURE OF THE ACTION

1. This is a fair debt collection practices action brought by Plaintiff on his own behalf and on behalf of others similarly situated to obtain redress from Seterus's systematic use of misleading, deceptive, unfair and unlawful debt collection practices to collect upon residential consumer mortgage loans.

2. Specifically, Seterus sends homeowners form letters (the "Missouri Final Letters") stating that the borrowers are in default of their mortgages and that their failure to immediately make a full and complete payment of all arrearages will result in acceleration of their loan and commencement of foreclosure proceedings.

3. In truth, however, it has been and continues to be Seterus's policy and practice not to accelerate loans, or to initiate foreclosure proceedings, in instances where there is an arrearage, so long as the borrower makes a partial payment sufficient to bring the arrearage within a set parameter.

4. Accordingly, each of the Missouri Final Letters sent by Seterus falsely and misleadingly suggests that Seterus will accelerate the loan or commence foreclosure proceedings absent full payment, in contradiction to Seterus's actual policy not to accelerate a loan or commence foreclosure proceedings so long as any payment sufficient to bring the loan less than 45 days delinquent is made prior to the expiration date set forth in the Missouri Final Letters.

5. The Missouri Final Letters sent by Seterus to Plaintiff and others similarly situated contain false and misleading threats of acceleration and foreclosure designed to intimidate borrowers into making payments to Seterus that are beyond their means and beyond what is necessary to avoid acceleration and save their homes from foreclosure.

6. This case arises under the Fair Debt Collection Practices Act, 15 U.S.C. § 1962, *et seq.* ("FDCPA").

7. This class action is filed pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of all persons who are members of the Class (defined below) to whom Seterus has sent or will send one or more Missouri Final Letters during the applicable Class Period.[1]

## JURISIDICTION AND VENUE

8. This Court has original subject matter jurisdiction under 28 U.S.C. § 1331 in that this action arises under the Fair Debt Collection Practices Act, 15 U.S.C. 1692 *et seq*.

9. Venue is proper in this District under 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claims asserted herein occurred in Saint Louis County, Missouri.

---

[1] The applicable class period shall be for the fullest period allowed by law. Plaintiff reserves the right to amend the Class definition, including the Class Period at the time of class certification. At this time, Class Period is defined as one year preceding the filing of this Class Action Complaint and ending on the last day of trial or, in the event of a class settlement, ending on the date of entry of an order preliminarily approving such class settlement, whichever is later.

## PARTIES

10. Plaintiff is a resident of Saint Louis, Missouri.

11. Seterus is a corporation organized and existing under and by virtue of the laws of the State of Delaware with a principal place of business in Research Triangle Park, North Carolina.

12. Seterus is regularly engaged in the business of collecting debt in the State of Missouri.

13. Seterus's employees, affiliates, directors, agents, and attorneys act under the direction and supervision of Seterus and, therefore, Seterus is directly and/or vicariously liable for the actions of its employees, affiliates, directors, agents, and attorneys under, *inter alia*, the theory of *respondeat superior*.

## FACTUAL ALLEGATIONS

14. Plaintiff owns a residential home located at 3229 Bainburry Court, Saint Louis, Missouri, 63129.

15. Plaintiff's home is secured by a mortgage owned, backed, or controlled by Federal National Mortgage Association ("Fannie Mae").

16. Plaintiff's Fannie Mae home mortgage loan represents an obligation for the payment of money arising out of an express contract for a purchase made primarily for personal, family, or household purposes, to wit his residence.

17. Plaintiff's Fannie Mae home loan is serviced by Seterus.

18. Seterus is a servicer of mortgages for residential housing loans owned, backed, or controlled by Fannie Mae.

19. Seterus is a specialty mortgage servicer for high risk residential housing loans owned, backed, or controlled by Fannie Mae.

20. As a mortgage servicer, Seterus contracts with Fannie Mae to collect payments, fees, and other amounts owed by the home owner and to provide other "services" to investors relating to the home owner's loan.

21. Seterus regularly threatens and/or initiates foreclosure proceedings against home loan mortgagors in Missouri and elsewhere.

22. Upon information and belief, Seterus earns money based upon a percentage of the funds that it collects from consumers' mortgage payments as well as through the assessment of late fees and other penalties.

23. Plaintiff's mortgage loan is governed by a promissory note (the "Note") that defines "default" as failure to "pay the full amount of each monthly payment on the date it is due . . . ."

24. Plaintiff's loan was alleged to be in default when it was transferred to Seterus for servicing on or about April 8, 2015.

### The Scope of Seterus's Collection Activities

25. Seterus is not a bank and does not lend money to purchasers for home loans.

26. Seterus is not owned or controlled by a bank, corporation, or association engaged in accounting, bookkeeping, or data processing services where a primary component of such services is the rendering of statements of accounts and bookkeeping servicers for creditors.

27. Upon information and belief, Seterus services hundreds of thousands of loans throughout Missouri and the United States.

28. Because Seterus does not originate home mortgage loans, it only becomes involved with homeowners by acquiring the servicing rights to their mortgage loans as part of a portfolio of loans from Fannie Mae, or if Fannie Mae, or another entity, assigns or transfers the servicing rights of a portfolio of loans from another servicer to Seterus.

4

29. Seterus's specialty is servicing residential mortgage loans that are in default or at an increased risk of default.

30. Accordingly, a high percentage of the residential mortgage loans serviced by Seterus experience one or more payment delinquencies of 45 days or more.

31. Upon information and belief, Seterus sent Missouri Final Letters[2] to mortgagors in Missouri each time their mortgage was alleged to have become more than 45 days delinquent during the Class Period.

32. Upon information and belief, to this day, Seterus continues to send a version of the Missouri Final Letters to Missouri homeowners whose loans become, or are alleged to become, more than 45 days delinquent.

**Seterus's Violations of the Fair Debt Collection Practices Act Vis-à-Vis Plaintiff**

33. On or about April 8, 2015, Plaintiff's mortgage was service transferred to Seterus while allegedly in a state of default.

34. Since that time, Seterus has alleged that Plaintiff was more than 45 days delinquent on his mortgage and, thus, Seterus sent Plaintiff numerous Missouri Final Letters.

35. Upon information and belief, Plaintiff has received and read numerous Missouri Final Letters during the Class Period.

36. Upon information and belief, Plaintiff received substantially the same form letter sent to all borrowers in Missouri who are alleged to be more than 45 days delinquent on a loan that Seterus services.

37. Attached as **Exhibits A-E** are true and correct copies of Missouri Final Letters sent

---

[2] "Missouri Final Letters" include all form letters sent by Seterus during the Class Period that contain the passages alleged to violate the FDCPA as set forth in this Class Action Complaint.

5

to Plaintiff.[3]

38. Seterus's correspondence to Plaintiff, as set forth herein – similar to the form letters sent to Class members – expressly states "THIS COMMUNICATION IS FROM A DEBT COLLECTOR AS WE SOMETIMES ACT AS A DEBT COLLECTOR" (emphasis in original).

39. The Missouri Final Letters specifically state:

> If full payment of the default amount is not received by us . . . on or before [the Expiration Date], *we will accelerate the maturity date of your loan* and upon such acceleration the ENTIRE balance of the loan, including principal, accrued interest, and all other sums due thereunder, shall, at once and without further notice, become immediately due and payable.

(*emphasis added*).

40. The Missouri Final Letters further state:

> If you send only a partial payment, the loan still will be in default . . . IF THE DEFAULT IS NOT CURED ON OR BEFORE THE EXPIRATION DATE, THE LOAN OWNER AND WE INTEND TO ENFORCE THE LOAN OWNER'S RIGHTS AND REMEDIES AND MAY PROCEED WITHOUT FURTHER NOTICE TO COMMENCE FORECLOSURE PROCEEDINGS.

(*emphasis in original*).

41. Seterus has contractual obligations to provide notices to mortgagors, like Plaintiff, about the occurrence of any deficiency qualifying as a default. Rather than simply providing notice, Seterus instead utilizes the Missouri Final Letters to make false, misleading, and overbroad threats to accelerate the note and to commence foreclosure proceedings.

**Seterus's Actual Corporate Policy and Practice**

42. The Missouri Final Letters create a false sense of urgency because in them Seterus

---

[3] These exhibits are non-exclusive examples of the Missouri Final Letters sent to Plaintiff.

6

threatens to accelerate the entire indebtedness of a consumer's loan if "full payment of the default amount is not received . . . on or before the Expiration Date," even though Seterus's actual policy, attested to in sworn testimony by a designated Seterus Rule 30(b)(6) deponent in another case, is to not accelerate loans that are less than 45 days delinquent.

43. On July 19, 2016, Seterus's 30(b)(6) deposition testimony was taken in *Hager v. Seterus, Inc.*, 1:15-cv-222 (W.D.N.C.) pursuant to a Notice of Deposition to Seterus, Inc.

44. A true and accurate copy of the 30(b)(6) Notice of Deposition from *Hager v. Seterus, Inc.* is attached hereto as **Exhibit F**.

45. Seterus designated Achsah Jacob, a "legal mediation officer," to testify on its behalf in response to the Notice of Deposition to Seterus, Inc.

46. During Seterus's 30(b)(6) deposition, Achsah Jacob testified as follows:

Q. My understanding of your testimony just now is that if Seterus receives a payment in response to an NC Final, then the debt is no longer 45 days due and so that's sufficient to hold off the acceleration process?

Q. Okay. And is that -- is that Seterus's policy just with regard to North Carolina?

A. Seterus's policy for the loans where we are accepting payments and we're able to apply full contractual payment to the loan.

Q. Okay. So in response to a letter like Exhibit 11[4], Seterus's policy, if they're accepting payments, is if they receive an amount equal to a normal monthly payment, they will not accelerate the debt?

A. As long as, right, it brings the loan less than 45 days due.

Q. Okay. Where does it say that in this letter that if you make one payment or enough such that one payment is recorded, we won't do this, or does it say that?

A. Well, the expiration date provides really the -- the timeline where the customer

---

[4]Exhibit 11 (a true and accurate copy of which is attached hereto as **Exhibit G)** was a North Carolina Final Letter substantially similar to the Missouri Final Letters. This deposition was taken in North Carolina in regards to a North Carolina Final Letter; however, the North Carolina Final Letter and the Missouri Final Letters are substantially similar and the legal issues therein are comparable.

7

        needs to make some sort of payment so that the 45 days are not past due.

Q.      Not some sort of payment, $3,204.72, that's what it says, right?

A.      Yes. And we're allowing the customer, we're also -- yes. We would like the $3,204.72. But our objective is not to foreclose on our customers. Our objective is to be able to take -- even if it's a partial payment, if where -- if 'in the bucket where a partial payment can be made, our objective is to collect that payment to help them stay in their house. Because them making payments, staying in their house helps us in our business as well. Foreclosing on them is really not, you know, helpful to us nor to them.

Q.      Yeah.

A.      And so therefore, this letter is sent out per the guidelines that are outlined and we allow the customer -- we allow the customer to make that partial payment. And then when a full -- if a partial payment does not equal the contractual payment, then your -- then this letter still -- still stands. But because a contractual payment is able to be applied to the loan account, then we don't have to continue with the -- this letter.

[Seterus Dep. at pp. 177:11-180:10].

47.      A true and accurate copy of Seterus's 30(b)(6) Deposition from *Hager* is attached hereto as **Exhibit H**.

48.      According to Achsah Jacob, Seterus does not intend to and will not accelerate borrowers' loans and proceed to foreclosure even if the borrower (a) fails to make a full payment equal to the default amount or amount due listed in the Missouri Final Letters, and (b) fails to make any additional payments that come due during the notice period.

49.      Put simply, Seterus does not customarily accelerate loans under the terms threatened by its Missouri Final Letters if homeowners make a partial payment sufficient to bring their loan less than 45 days past due.

50.      The Missouri Final Letters misrepresent the conditions under which Seterus intends to accelerate loans and deceives consumers into believing their loans will be accelerated if they fail to fully cure their default prior to the "expiration date."

51. The Missouri Final Letters cause the least sophisticated consumers[5] to believe that they will lose their homes if *all* arrearages to Seterus are not paid by the stated expiration date; which is not true.

52. The Missouri Final Letters cause the least sophisticated consumers to believe that they will lose their homes if they do not bring their loan current by the stated expiration date; which is not true.

53. The Missouri Final Letters misrepresent Seterus's intentions and present homeowners with a false ultimatum that they must satisfy all arrearages within the deadline or face acceleration and immediate commencement of foreclosure proceedings.

54. The Missouri Final Letters were materially misleading in that they threatened homeowners with acceleration and foreclosure when Seterus had neither the present intent, nor the present ability, to undertake such actions.

55. The false or misleading threats of acceleration and foreclosure contained within the Missouri Final Letters are designed to scare and intimidate homeowners into paying all delinquent amounts, even if such payment is not required to avoid acceleration or the commencement of foreclosure proceedings.

56. The false or misleading threats of acceleration and foreclosure contained within the Missouri Final Letters have the potential of causing individuals to send additional money to Seterus that, absent the false and misleading statements, they could have utilized on other necessary expenditures, including food and utility payments.

57. The misleading threats of acceleration and foreclosure impairs the least sophisticated consumer's ability to make a rational decision in response to the Missouri Final

---

[5] Under the FDCPA, the "least sophisticated consumer" is used as the objective standard by which to evaluate correspondence like the Missouri Final Letters.

9

Letters because it threatens immediate, irreversible consequences.

58. The misleading threats of acceleration and foreclosure are designed to scare homeowners into making payments they otherwise may not make.

59. Upon information and belief, Seterus willfully crafted the Missouri Final Letters in such a way to frighten and intimidate consumers into paying money to Seterus in violation of the FDCPA.

60. By misrepresenting Seterus's actual policies and practices, the Missouri Final Letters deprived Missouri homeowners of accurate, non-misleading information upon which they could choose the best course of conduct for their individual financial and family situations.

61. Accordingly, the Missouri Final Letters threaten action not actually intended to be taken by Seterus in the ordinary course of business where the borrower makes a partial payment, and constitute unfair threats, coercion, or attempts to coerce payments from consumers in violation of the FDCPA.

62. Upon information and belief, Seterus uses substantially identical language in all of its Missouri Final Letters that are sent to Missouri homeowners whose mortgage loans are 45 or more days past due.

63. Upon information and belief, each Class member has received one or more Missouri Final Letters within the applicable statute of limitations.

64. Each Missouri Final Letter constitutes a separate violation of the FDCPA in that, *inter alia*, the Missouri Final Letters threatens to take action not taken by Seterus in the ordinary course of business that it did not intend to take.

65. As a result of the foregoing, Plaintiff has been deprived of accurate information from which to make informed decisions in response to Seterus's collection attempts and has been

repeatedly threatened with the acceleration and foreclosure of his home when Seterus did not intend to do so under the terms and conditions stated in the Missouri Final Letters.

### Seterus's Violations Were Willful

66. As an acknowledged debt collector subject to the FDCPA, Seterus and its officers, managers, and employees are aware or should be aware that the FDCPA forbids threatening to take action that the debt collector does not intend to take, and from making false or misleading statements to debtors.

67. Seterus purposely crafted the Missouri Final Letters to threaten action that Seterus knew, based on its own corporate policy and practice as alleged herein, it did not intend to take.

68. In so doing, Seterus and its agents, officers, managers, and/or employees willfully violated the FDCPA.

69. The risk of violation of the FDCPA by Seterus's mailing of the Missouri Final Letters over the Class Period rose to a level above careless.

### CLASS ALLEGATIONS

70. Pursuant to Federal Rule of Civil Procedure 23, Plaintiff brings this action on behalf of a Class defined as follows:

> All consumers throughout the State of Missouri whose loan's servicing rights were acquired by Seterus after their loan was in default and who were sent a letter from Seterus substantially similar or materially identical to the Missouri Final Letters delivered to Plaintiff during the relevant statute of limitations for the FDCPA.

Excluded from the Class are officers, directors, and managers of Seterus; the Court; and staff of the judicial officer(s) assigned to this action.

71. The Class shall be for a period commencing one year preceding the filing of this Class Action Complaint and ending on the last day of trial or, in the event of a class settlement,

ending on the date of entry of an order preliminarily approving such class settlement, whichever is later (the "Class Period").

72. *Numerosity*: Upon information and belief, the Class contains several thousand members, based upon an analysis of the volume of Seterus's mortgage default servicing activity nationwide and in Missouri.

73. The size of the Class is so numerous that joinder of all members would be impracticable.

74. *Commonality*: Several common questions of law or fact pertaining to claims and of the Class are presented in this action, including without limitation:

- Whether Seterus's policies and practices concerning acceleration of defaulted loans were inconsistent with the Missouri Final Letters sent to Plaintiff and Class Members;
- Whether Seterus intended to commence foreclosure proceedings, as it threatened in the Missouri Final Letters, against homeowners who made a partial payment of the "amount due" or "default amount" as described in Seterus's Missouri Final Letters;
- Whether the Missouri Final Letters were false, misleading, or deceptive because they did not alert Plaintiff or Class Members that receipt of a partial payment would prevent the consequences Seterus threatened in the Missouri Final Letters, including foreclosure proceedings;
- Whether the Missouri Final Letters violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* in one or more of the ways alleged herein;
- Whether Seterus's Missouri Final Letters constituted the use of false, deceptive, or misleading representations in connection with the collection of a debt;
- Whether Seterus threatened to take action in the Missouri Final Letters that it could not legally take or that it did not intend to take;
- Whether Seterus used false representations or deceptive means within the Missouri Final Letters in an attempt to collect a debt;
- Whether the information Seterus provided to Plaintiff and Class Members about the amount consumers needed to pay and when they needed to pay it in order to continue to own their homes was false, misleading, or deceptive;
- Whether Seterus falsely represented its intention to accelerate and foreclose on Plaintiff and Class Members' homes in an effort to induce payment of funds not

12

  immediately due;

  o Whether Seterus presented Plaintiff and Class Members with a false ultimatum;

  o Whether the information Seterus misled Plaintiff and Class Members about was material to the mortgagors' course of conduct;

  o Whether Seterus's actions constitute unfair or unconscionable actions to collect a debt;

  o Whether Seterus committed the conduct alleged herein willfully or knowingly; and

  o Whether Plaintiff and Class Members are entitled to statutory damages as a result of Seterus's actions.

75. *Typicality*: The claims of Plaintiff are typical of the claims of the Class and all are based on the same facts and legal theories, as all such claims arise out of Seterus's conduct complained of herein.

76. *Adequate Representation:* Plaintiff is an adequate representative of the Class in that he is a member of the Class and does not have antagonistic or conflicting claims with other Class Members.

77. Plaintiff has also retained counsel experienced in the prosecution of complex class actions, specifically including fair debt class actions involving mortgages.

78. Neither Plaintiff nor his counsel have any interests that might cause them not to vigorously pursue this action.

79. Plaintiff is aware of his responsibilities as class representative and has accepted such responsibilities.

80. *Injunctive or Declaratory Relief*. The grant of injunctive or declaratory relief is appropriate under Federal Rule of Civil Procedure 23(b)(2) because Seterus has acted and continues to act in violation of the FDCPA with respect to all Missouri homeowners whose mortgages it services.

81. Seterus has acted and refused to act on grounds generally applicable to the Class

making final injunctive and declaratory relief appropriate.

82. *Predominance*: Under Federal Rule of Civil Procedure 23(b)(3), the common questions of law and fact listed above, and others, predominate over any individual issues that may be presented.

83. Seterus has sought to and continues to attempt to collect amounts it claims are due under defaulted home loans in Missouri using form letters, while it adheres to its undisclosed policies and practices regarding receipt of partial payments.

84. *Superiority*: Under Federal Rule of Civil Procedure 23(b)(3), the Class is appropriate for certification because a class action is superior to other available methods for the fair and efficient adjudication of this controversy.

85. Actual tangible damages are unlikely based upon the violations alleged, and the statutory damages sought on behalf of Class Members are small, such that individual Class Members could not economically pursue individual actions.

86. Absent a class, Class Members would be unlikely to receive any recovery.

87. Accordingly, individual Class Members do not have an interest in controlling the prosecution of separate actions.

88. Plaintiff's counsel anticipate no undue difficulties in the management of this action on a class basis.

89. Alternatively, absent a class courts throughout Missouri may be confronted with a multiplicity of lawsuits, which would unnecessarily burden the courts while also creating the risk of inconsistent rulings and contradictory judgments.

**FIRST CAUSE OF ACTION**
(Violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*)

90. Plaintiff repeats and realleges the allegations in the preceding paragraphs as if set

forth herein.

91. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

92. Seterus frequently acts as a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), including with regard to Plaintiff's mortgage loan, because Seterus obtained the servicing rights while the loan was alleged to be in a state of default.

93. Seterus acts as a debt collector in servicing Plaintiff's mortgage because the loan was alleged to be in default at the time Seterus obtained the servicing rights.

94. Each member of the proposed FDCPA Class are "consumers," as that term is defined by the FDCPA, 15 U.S.C. § 1692a(3).

95. At all material times, Plaintiff's debt and the debts of the class members were "debt," as defined by the FDCPA, 15 U.S.C. § 1692(a)(5).

96. Each member of the proposed FDCPA Class has a debt for which Seterus acquired the servicing rights after the debt was in default.

97. Dunning letters, such as the Missouri Final Letters, is to be evaluated by the objective "least sophisticated consumer" standard.

98. FDCPA 15 U.S.C. § 1692(e) states in part:

> A debt collector may not use false, deceptive, or misleading representations or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> . . .
> (5) The threat to take any action that cannot legally be taken or that is not intended to be taken.
>
> . . .
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

99. Seterus has attempted to collect debt in violation of 15 U.S.C. § 1692(e), in that it

used false representations and deceptive means to collect or attempt to collect the Debt; threatened action it did not intend to take; and/or threatened to take action that it could not legally take.

100. Seterus has attempted to collect debt in violation of 15 U.S.C. § 1692(e), in that it utilized false threats and misleading representations regarding the amounts that consumers must pay and when they must pay it in order to continue to own their homes.

101. Seterus has attempted to collect debt in violation of 15 U.S.C. § 1692(e), in that it falsely represented its intention to accelerate and foreclose on Plaintiff's home in an effort to induce the payment of additional funds.

102. Seterus has attempted to collect debt in violation of 15 U.S.C. § 1692(e), in that it misrepresented its intentions and presented Plaintiff and other consumers with a false ultimatum that they must pay all arrearages within the false deadline identified in the Missouri Final Letters, or face immediate acceleration and initiation of foreclosure proceedings.

103. Seterus has attempted to collect debt in violation of 15 U.S.C. § 1692(e), in that it has threatened to take action, including acceleration and foreclosure, when it had no intention of taking such measures under the terms threatened in its Missouri Final Letter.

104. Seterus's violations of 15 U.S.C. § 1692(e) were material, *inter alia*, because the Missouri Final Letters misled consumers about information necessary to permit them to determine their best course of conduct; created a substantial risk of causing homeowners to make less than optimal decisions in managing their finances; and foreseeably increased the anxiety of homeowners regarding the risk of immediate acceleration or commencement of foreclosure proceedings.

105. Moreover, Congress has expressly determined that Seterus's violations are material by specifically designating that threats to take actions that the debt collector does not intend to take

are an unfair collection practice and a violation of the FDCPA.

106. Seterus has attempted to collect debt in violation of 15 U.S.C. § 1692(e) by using false representations and deceptive means, including false threats of acceleration and commencement of foreclosure proceedings, and the Missouri Final Letters are therefore illegal.

107. FDCPA § 1692(f) states in pertinent part that "a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."

108. Seterus has attempted to collect debt in violation of 15 U.S.C. § 1692(f) in that it unfairly utilized false threats and misleading representations regarding the amounts that consumers must pay and when they must pay it in order to continue to own their homes.

109. Seterus has attempted to collect debt in violation of 15 U.S.C. § 1692(f) in that it falsely represented its intention to accelerate and foreclose on Plaintiff's home in an effort to induce the payment of additional funds.

110. Seterus has attempted to collect debt in violation of 15 U.S.C. § 1692(f), in that it misrepresented its intentions and presented Plaintiff and other consumers with a false ultimatum that they must satisfy all arrearages within the false deadline identified in the Missouri Final Letters, or face acceleration and ultimately foreclosure.

111. Seterus has attempted to collect debt in violation of 15 U.S.C. § 1692(f), in that it has threatened to take action, including acceleration and foreclosure, when it had no intention of taking such measures.

112. Seterus has attempted to collect debt in violation of 15 U.S.C. § 1692(f) by using unfair and unconscionable means, including false threats of acceleration and foreclosure.

113. As a result of Seterus's unlawful attempts to collect debt, Plaintiff and the FDCPA Class Members are entitled to statutory damages, as well as their reasonable attorneys' fees.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Michael Spehr, on his own behalf and on behalf of all others similarly situated, pray the Court for judgment as set forth below:

a.  Certifying this action as a class action as provided by Rule 23(b)(2) and (b)(3) of the Federal Rules of Civil Procedure, appointing Plaintiff as class representative, and appointing the undersigned as Class counsel;

b.  Declaring that Seterus has violated the FDCPA in the ways alleged in this Class Action Complaint;

c.  Enjoining further violations of the FDCPA by Seterus and its agents and employees;

d.  Awarding Plaintiff and the Class statutory damages under the FDCPA;

e.  Awarding Plaintiff and the Class their reasonable attorneys' fees and costs incurred pursuant to the FDCPA;

f.  Ordering that the costs of this action be taxed to Seterus; and

g.  Providing such other and further relief as the Court deems just and proper.

Dated:  November 13, 2018

Respectfully submitted,

*/s/ Mitchell M. Breit*_____
Mitchell Breit (2337954NY)
**SIMMONS HANLY CONROY**
112 Madison Avenue
New York, New York 10016-7416
Telephone:  (212) 784-6400
Facsimile:  (212) 213-5949
mbreit@simmonsfirm.com

Scott C. Harris (NC 35328) (*pro hac vice* forthcoming)
WHITFIELD BRYSON & MASON, LLP
900 W Morgan St
Raleigh, NC  27603
Phone: (919) 600-5000
Fax: (919) 600-5035
scott@wbmllp.com
pat@wbmllp.com

Edward H. Maginnis (NC 39317) (*pro hac vice* forthcoming)
MAGINNIS LAW PLLC
4801 Glenwood Ave, Suite 310
Raleigh, NC  27612
Phone: (919) 526-0450
Fax: (919) 882-8763
emaginnis@maginnislaw.com

*Counsel for Plaintiff and the Proposed Class*