# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| MICHAEL SPEHR, *on Behalf of Himself and Others Similarly Situated*, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 4:18CV1922 RLW ) |
| SETERUS, INC., | ) ) |
| Defendant. | ) ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Seterus, Inc.'s Motion to Dismiss Plaintiff's Complaint. (ECF No. 9) On January 22, 2019, Plaintiff Michael Spehr, on behalf of himself and others similarly situated, filed a First Amended Class Action Complaint. (ECF No. 13) Defendant then filed a Motion to Dismiss Plaintiff's Amended Complaint (ECF No. 14), which is fully briefed and ready for disposition.

Because Defendant's first Motion to Dismiss Plaintiff's Complaint was directed at the original Class Action Compliant (ECF No. 1) and the First Amended Class Action Complaint is now the operative complaint, the Court denies the first motion to dismiss as moot. After careful consideration, the Court grants Defendant's second motion to dismiss in part and denies it in part.

## BACKGROUND[1]

Plaintiff Michael Spehr owns a residential home that is secured by a mortgage owned, backed, or controlled by Federal National Mortgage Association ("Fannie Mae") and is serviced by Defendant Seterus, Inc. (ECF No. 13, ¶¶ 16-17) On or about April 8, 2015, Plaintiff's mortgage was transferred to Defendant because Plaintiff allegedly became delinquent in payments such that the mortgage was in a state of default. (*Id.* at ¶ 36) Plaintiff alleges Defendant sent him numerous form letters (referred to as "Default Letters")[2] that stated he was in default of his mortgages and his failure to immediately make a full and complete payment of all arrearages would result in acceleration of his loan and commencement of foreclosure proceedings. (*Id.* at ¶¶ 2, 38-39) Specifically, the Default Letters stated:

> If full payment of the default amount is not received by us . . . on or before [the Expiration Date], *we will accelerate the maturity date of your loan* and upon such acceleration the ENTIRE balance of the loan, including principal, accrued interest, and all other sums due thereunder, shall, at once and without further notice, become immediately due and payable.

(*Id.* at ¶ 42) (emphasis added by Pl. in First Am. Class Action Compl.) In addition, the letters stated:

> If you send only a partial payment, the loan still will be in default . . . IF THE DEFAULT IS NOT CURED ON OR BEFORE THE EXPIRATION DATE, THE LOAN OWNER AND WE INTEND TO ENFORCE THE LOAN OWNER'S RIGHTS AND REMEDIES AND MAY PROCEED WITHOUT FURTHER NOTICE TO COMMENCE FORECLOSURE PROCEEDINGS.

---

[1] In deciding a motion to dismiss under Rule 12(b)(6), a court assumes all facts in the complaint to be true and construes all reasonable inferences most favorably to the complainant. *U.S. ex rel. Raynor v. Nat'l Rural Utilities Co-op. Fin., Corp.*, 690 F.3d 951, 955 (8th Cir. 2012); *Eckert v. Titan Tire Corp.*, 514 F.3d 801, 806 (8th Cir. 2008).

[2] The Court notes that there were no attachments to the First Amended Class Action Complaint despite Plaintiff's referral to them as Exhibits A-E. (ECF No. 13, ¶ 40) The Court presumes these attachments were the same as the exhibits designated in and attached to the original Class Action Complaint. (ECF Nos. 1-3 through -7) Nevertheless, the Court orders Plaintiff to file a notice with the Court providing the exhibits to the amended complaint.

(*Id.* at 43)

Plaintiff, on behalf of himself and others similarly situated, has filed this putative class action lawsuit against Defendant for alleged violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1962, *et seq.* He claims Defendant creates a false sense of urgency by threatening to accelerate the entire indebtedness of a consumer's loan if full payment of the default amount is not received on or before the stated expiration date. (*Id.* at ¶ 46) Plaintiff alleges that, according to the deposition of representative of Defendant taken in a separate case pursuant to Federal Rule of Civil Procedure 30(b)(6),[3] Defendant's actual policy is to not accelerate loans that are less than 45 days delinquent. (*Id.*) "Put simply, [Defendant] does not customarily accelerate loans under the terms threatened by its [Default Letters] if homeowners make a partial payment sufficient to bring their loan less than 45 days past due." (*Id.* at ¶ 53)

Plaintiff's putative class action asserts Defendant violated § 1692(e) of the FDCPA by using false representations and deceptive means to attempt to collect the debt and by threatening action that it could not legally take or did not intend to take. Plaintiff also claims Defendant's actions constituted unfair and unconscionable means in violation of § 1692(f). The amended class action seeks a declaration that Defendant has violated the FDCPA, injunctive relief prohibiting Defendant from further violating the FDCPA, and class statutory damages and fees under the FDCPA.

In the instant motion, Defendant argues Plaintiff's amended complaint should be dismissed pursuant to Federal Rules of Civil Procedure 12(b)(1) for Plaintiff's failure to

---

[3] As with the referenced Default Letters, the Court notes the deposition is not attached to the First Amended Class Action Complaint. The Court again presumes Plaintiff intended to attach the deposition that was attached to the original Class Action Compliant and orders Plaintiff to file a notice with the Court providing this exhibit to the amended complaint. (ECF No. 1-8)

sufficiently plead facts establishing standing under Article III of the United States Constitution and Rule 12(b)(6) for failure to stand a claim under the FDCPA.

## DISCUSSION

### I. Plaintiff has sufficiently pleaded facts to establish Article III standing.

"As an initial matter, a prerequisite to class certification is that 'it must be established that the proposed class representatives have [Article III] standing to pursue the claims as to which classwide relief is sought.'" *Chorosevic v. MetLive Choices*, No. 4:05–CV–2394 CAS, 2007 WL 2159475, at *3 (E.D. Mo. July 26, 2007) (quoting *Wooden v. Bd. of Regents of Univ. Sys. Of Ga.*, 247 F.3d 1262, 1287 (11th Cir. 2001)). "Individual Article III standing is a prerequisite for all actions, including class actions." *Id.* (citation omitted). A plaintiff has the burden of establishing standing by demonstrating (1) an injury in fact, (2) fairly traceable to the defendant's challenged conduct, and (3) that is likely to be redressed by a judicial decision in the plaintiff's favor. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 559-60 (1992)).

In *Spokeo*, an action brought under the Fair Credit Reporting Act of 1970 ("FCRA"), the Supreme Court addressed Article III standing in the context of the alleged violation of a statutory right and found:

> Congress' role in identifying and elevating intangible harms does not mean that a plaintiff automatically satisfies the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right. Article III standing requires a concrete injury even in the context of a statutory violation. For that reason, [plaintiff] could not, for example, allege a bare procedural violation, divorced from any concrete harm, and satisfy the injury-in-fact requirement of Article III.

136 S. Ct. at 1549. The *Spokeo* Court acknowledged that "the violation of a procedural right granted by statute can be sufficient in some circumstances to constitute an injury in fact." *Id.*

However, the *Spokeo* Court identified two such examples where the plaintiffs were unable to obtain information made public by Congress as statutory violations that also demonstrated injuries in fact. *Id.* at 1549-50; *see also Boergert v. Kelly Servs., Inc.*, No. 2:15–cv–04185–NKL, 2016 WL 6693104, at *4 (W.D. Mo. Nov. 14, 2016) ("The Court agrees that the deprivation of statutorily mandated information can cause an intangible but concrete harm, if that harm is of the type Congress sought to prevent."). The *Spokeo* Court further noted, however, that in certain scenarios, a violation of a statutory procedural requirement would not amount to a concrete injury. 136 S. Ct. at 1550.

Since *Spokeo*, the Eighth Circuit and district courts within the Eighth Circuit have addressed the standing issue in the context of Congressional statutes and have held that a plaintiff must identify a material risk of harm, not a risk that is speculative or hypothetical. *See Braitberg v. Charter Commc'ns, Inc.*, 836 F.3d 925, 931 (8th Cir. 2016) (holding that plaintiff alleging that defendant violated the Cable Communications Policy Act by retaining personally identifiable information lacked Article III standing where he failed to allege that the retention caused any concrete and particularized harm); *Boergert*, 2016 WL 6693104, at *4 (finding that while the plaintiff had been deprived of statutorily required information under the FCRA, he failed to show any injury beyond the lack of access to the information and thus did not have standing); *Shoots v. iQor Holdings, US Inc.*, No. 15–cv–563 (SRN/SER), 2016 WL 6090723, at *8 (D. Minn. Oct. 18, 2016) (finding plaintiff's failure to make specific allegations of actual injury in a FCRA claim, even where styled an informational injury, was insufficient to meet the requirements of *Braitberg* or *Spokeo*); *Jackson v. Abendroth & Russell, P.C.*, 207 F. Supp. 3d 945, 953 (S.D. Iowa 2016) (relying on *Spokeo* to hold that a violation of the FDCPA alone does not automatically amount to an injury in fact and finding that plaintiff's failure to allege that he

suffered a concrete harm that the disclosure requirements of § 1692g of the FDCPA were designed to prevent did not satisfy the injury in fact requirement for Article III standing); *but see Hill v. Accounts Receivable Servs., LLC*, No. 16–219 (DWF/BRT), 2016 WL 6462119, at *4 (D. Minn. Oct. 31, 2016) (finding plaintiff alleged real harms and not merely procedural violations of the FDCPA where he alleged defendant violated his right to truthful information by providing a fake document and including a misleading claim in a conciliation court complaint, and violated his right to be free from collection of unauthorized interest by attempting to collect unlawful interest in the court proceeding).

> In this case, Plaintiff alleges he has suffered the following harms:
>
> (a) deprivation of accurate information that would have been important to him in making informed decisions in response to [Defendant's] collection attempts (e.g., truthful information about the circumstances under which [Defendant's] intended to accelerate his loan and the actions necessary to avoid acceleration), (b) causing him to perceive the risk of acceleration and foreclosure to be greater and more imminent than it actually was which naturally gave rise to anxiety, and (c) subjecting him to unfair and abusive threats and coercion in violation of his substantive rights under the FDCPA (e.g., false ultimatums and coercive threats to accelerate and foreclose upon his home under terms and conditions that were inconsistent with [Defendant's] actual intentions).

(ECF No. 13, ¶ 69)

Defendant argues Plaintiff's allegations amount to mere hypothetical harms that are insufficient to sustain claim. For example, Plaintiff's assertion that the Default Letters deprived him of information that "would have been" important in making informed decisions is not the same as asserting he actually made any suboptimal decisions based on the Default Letters. Additionally, Defendant argues the allegation that it subjected Plaintiff to unfair and abusive threats and coercion, without more, does not establish a concrete harm. Lastly, Defendant contends any anxiety experienced by Plaintiff is not "fairly traceable" to Defendant's alleged

practices. *See Spokeo*, 136 S. Ct. at 1547. According to Defendant, Plaintiff's alleged anxiety was the result of his admitted default and the prospect of acceleration and foreclosure.

Plaintiff argues a majority of post-*Spokeo* decisions that have addressed standing in the context of FDCPA cases have held that the FDCPA creates substantive legal rights and the violation of such establishes an injury in fact. *See Bautz v. ARS Nat'l Servs., Inc.*, 226 F. Supp. 3d 131, 145 (E.D.N.Y. 2016) (collecting cases across several circuit and district courts). Further, Plaintiff argues he has directly traced his anxiety to Defendant's conduct.

In *Demarais v. Gurstel Chargo, P.A.*, 869 F.3d 685 (8th Cir. 2017), the Eighth Circuit analyzed standing post-*Spokeo*. A "concrete injury" can be tangible and intangible and can include "the risk of real harm." *Id.* (quoting *Spokeo*, 136 S. Ct. at 1549). "Where 'the violation of a procedural right granted by statute' creates the risk of real harm, a plaintiff 'need not allege any *additional* harm beyond the one Congress has identified.'" *Id.* (quoting *Spokeo*, 136 S. Ct. at 1549). "With § 1692f(1), Congress identified a harm—being subjected to attempts to collect debts not owed." *Id.* ("It is similar to the harm suffered by victims of the common-law torts of malicious prosecution, wrongful use of civil proceedings, and abuse of process."). "The harm of being subjected to baseless legal claims, *creating the risk of mental distress*, provides the basis for both § 1692f(1) claims and the common-law unjustifiable-litigation torts." *Id.* at 692 (emphasis added). Consequently, the Eighth Circuit held that "[a defendant's] alleged invasion of [a plaintiff's] § 1692f(1) rights is a concrete injury in fact. The same is true of the alleged invasions of his § 1692e(2) and (5) rights." *Id.* at 693.

The Court finds that Plaintiff has sufficiently established Article III standing to proceed with this case. While Plaintiff might have experienced anxiety of the basic fact that he was in default, and while Defendant appears to have had the contractual right to accelerate the loan at

*some point*, Plaintiff traces his anxiety to Defendant's assertion via the Default Letters that such acceleration was definite and imminent. "This is not a situation where '[i]t is difficult to imagine how' the violation of a statutory right alone could cause concrete harm." *Id.* at 692 (quoting *Spokeo*, 136 S. Ct. at 1550). In light of *Demarais*, Plaintiff's claims that Defendant violated his rights under the FDCPA and caused a risk of real harm including actual anxiety clearly establishes injury in fact. *See Wenger v. Seterus, Inc.*, No. 4:18-CV-02393, 2019 WL 2119980, at *2 (M.D. Pa. May 15, 2019); *Koepplinger v. Seterus, Inc.*, No. 1:17cv995, 2018 WL 4055268, at *10 (M.D. N.C. Aug. 24, 2018), *report and recommendation adopted*, No. 1:17-CV-995, 2018 WL 4401738 (M.D. N.C. Sept. 14, 2018). At this stage of the litigation, the Court finds this allegation sufficient to establish Article III standing.

## II. Plaintiff has sufficiently pleaded a claim under the FDCPA.

A complaint must be dismissed under Federal Rule 12(b)(6) for failure to state a claim upon which relief can be granted if the complaint fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level . . . ." *Id.* at 555. Courts must liberally construe the complaint in the light most favorable to the plaintiff and accept the factual allegations as true. *See Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008) (stating that in a motion to dismiss, courts accept as true all factual allegations in the complaint); *Eckert v. Titan Tire Corp.*, 514 F.3d 801, 806 (8th Cir. 2008) (explaining that courts should liberally construe the complaint in the light most favorable to the plaintiff).

However, "[w]here the allegations show on the face of the complaint there is some insuperable bar to relief, dismissal under Rule 12(b)(6) is appropriate." *Benton v. Merrill Lynch*

& Co.*, 524 F.3d 866, 870 (8th Cir. 2008) (citation omitted).  Courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555).  When considering a motion to dismiss, a court can "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679.  Legal conclusions must be supported by factual allegations to survive a motion to dismiss. *Id.*

> The FDCPA provides in relevant part:
>
> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.  Without limiting the general application of the foregoing, the following conduct is a violation of this section:
> . . .
> (5) The threat to take any action that cannot legally be taken or that is not intended to be taken.
> . . .
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

15 U.S.C. § 1692e.  The Eighth Circuit has joined other circuits and applied a materiality standard to § 1692e claims.  *Hill v. Accounts Receivable Servs., LLC*, 888 F.3d 343, 346 (8th Cir. 2018), *cert. denied*, 139 S. Ct. 803 (2019).  "The materiality requirement limits liability under the FDCPA to genuinely false or misleading statements that 'may frustrate a consumer's ability to intelligently choose his or her response.'" *Powell v. Palisades Acquisition XVI, LLC*, 782 F.3d 119, 126 (4th Cir. 2014) (quoting *Donohue v. Quick Collect, Inc.*, 592 F.3d 1027, 1034 (9th Cir. 2010)).  "Thus, only misstatements that are important in the sense that they could objectively affect the least sophisticated consumer's decisionmaking are actionable." *Id.*; *see also Muller v. Midland Funding*, No. 15-0882-CV-W-FJG, 2016 WL 3033767, at *2 (W.D. Mo. May 26, 2016).

Defendant argues Plaintiff has failed to state a claim under § 1692e(10) because his allegations fail to identify a materially false representation in the Default Letters. According to Defendant, "Plaintiff has alleged, at most, a grace period that could prevent a customer from facing acceleration after making a payment in response to the Default Letter that, for whatever reason . . . did not quite bring the loan current as of the date [Defendant] received the payment." (ECF No. 15, at 11) Defendant argues such a "grace period" is not a materially false representation under the FDCPA because "debt collectors do not violate the FDCPA by giving debtors more rights." *See Warran v. Smith Debnam Narron Drake Saintsing & Myers, LLP*, 2011 WL 10858230, at *3 (E.D.N.C. Apr. 19, 2011)

Contrary to Defendant's representation via the Default Letter that it would accelerate the loan (and may commence foreclosure proceedings without further notice) "[i]f *full payment* of the default amount" was not paid "*on or before [the Expiration Date]*" (ECF No. 13, at ¶ 42) (emphasis added), Plaintiff has alleged Defendant's actual practice is to not accelerate loans if *any partial payment* is made to bring the loan less than 45 days past due. The Court finds that a reasonable fact-finder could consider the information in the Default Letters to be false given the undisclosed "grace period" Defendant appears to utilize. Further, the information would clearly be material as an undisclosed "grace period" could reasonably frustrate the least sophisticated consumer's ability to intelligently choose his or her response to Defendant's demand. Consequently, the Court finds that Plaintiff has sufficiently pleaded facts to state a claim under § 1692e(10) to survive a motion to dismiss.

Defendant also argues Plaintiff has failed to state a claim under § 1692e(5) because his allegations do not assert Defendant expressly threatened but did not intend to take legal action. *See Muharemovic v. Client Servs., Inc.*, No. 4:17 CV 2361 CDP, 2017 WL 6316827, at *4 (E.D.

Mo. Dec. 11, 2017) (quoting *Adams v. J.C. Christensen & Assocs., Inc.*, 777 F. Supp. 2d 1193, 1197 (D. Minn. 2011)) ("[L]etters that do not *explicitly* threaten[ ] that legal action will be taken do not violate the FDCPA."). Defendant argues Plaintiff has not alleged it cannot or does not routinely file foreclosure actions and any suggestion that the Default Letters contained "empty threats" should be disregarded. According to Defendant, a debt collector does not violate § 1692e(5) by merely informing a consumer that legal action is possible if payment is not remitted. *Mccafferty v. Schwartzkopf Law Office*, 2011 WL 529967, at *5 (E.D. Mo. Feb. 8, 2011) (dismissing a claim under § 1692e(5) based on a letter that stated "[a] judgment may be taken against you unless your check or money order is received in our office in the amount set out above with in [sic] that thirty (30) day period").

Plaintiff responds by noting Defendant's argument seems to omit the threat to accelerate also at issue in this case. Rather than simply informing Plaintiff that legal action *may* be possible, the Default Letter explicitly threatens acceleration of the maturity date of your loan "[i]f full payment of the default amount is not received . . . on or before [the Expiration Date]." (ECF No. 13, at ¶ 42) Furthermore, as explained above, the Default Letters failed to inform customers about the "grace period" wherein any payment that brought the default amount under 45 days past due could prevent acceleration or further legal action. "A communication to a debtor is a § 1692e(5) 'threat' if an 'unsophisticated consumer would likely be led to believe that' the debt collector would take an action." *Demarais*, 869 F.3d at 695 (quoting *Duffy v. Landberg*, 215 F.3d 871, 875 (8th Cir. 2000)). The Court finds that a reasonable fact finder could determine the Default Letters, even in light of the undisclosed "grace period," constitute unlawful threats in violation of § 1692e(5).

Defendant also argues Plaintiff's claim as it relates to § 1692f is duplicative of his allegations related to § 1692e and should be dismissed. Pursuant to § 1692f, "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." "Congress enacted Section 1692f to catch conduct *not otherwise covered by the FDCPA.*" *Hanks v. Valarity, LLC*, No. 4:14-CV-01433-JAR, 2015 WL 1886960, at *4 (E.D. Mo. Apr. 24, 2015) (emphasis added) (quoting *Baker v. Allstate Fin. Servs., Inc.*, 554 F. Supp. 2d 945, 953 (D. Minn. 2008)). Section 1692f lists eight types of prohibited conduct; however, it is clear from the statute itself that "conduct that may be deemed 'unfair or unconscionable' is not limited to the acts enumerated in subsections (1) through (8)." *Id.* (quoting *Bryant v. Bonded Account Service/Check Recovery, Inc.*, 208 F.R.D. 251, 258 (D. Minn. 2000)). Because Plaintiff's claim as it relates to both § 1692f and § 1692e concern the same alleged conduct, Defendant argues it should be dismissed. *See Wenger*, 2019 WL 2119980, at *1 n.5 (dismissing a claim as it related to § 1692f because the plaintiff relied on the same alleged conduct that clearly fell under § 1692e).

Plaintiff's singular count in the First Amended Class Action Complaint seeks relief for "Violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*" (ECF No. 13, at 15) Because the Court finds that that Plaintiff has plausibly asserted a claim for relief under § 1692e to survive a motion to dismiss under Rule 12(b)(6), it is unnecessary at this stage of the litigation to determine whether Plaintiff's allegations independently support a claim under § 1692f. *See Turner v. Professional Recovery Services, Inc.*, 956 F. Supp. 2d 573, 581 (D.N.J. 2013) (dismissing a claim under § 1692f at the summary judgment stage as "redundant" where the plaintiff's other claims were "specifically addressed" by other provisions of the FDCPA); *see also Koepplinger*, 2018 WL 4055268, at *4 n.3 (quoting *Abraham P. v. Los Angeles Unified Sch.*

*Dist.*, No. CV 17-3105, 2017 WL 4839071, at *6 n.7 (C.D. Cal. Oct. 5, 2017)) (noting that the "[c]ourt's practice is to not dismiss parts of claims at the [Rule] 12(b)(6) stage because – unlike Rule 56, for example – [Rule] 12(b)(6) speaks of a motion to dis[mi]ss 'a claim,' not part of a claim. If the [asserted defense] does not get rid of the entire claim, then it cannot be dismissed.") (alterations in *Koepplinger*).

Finally, Defendant argues the FDCPA does not permit private plaintiffs to seek injunctive relief. "It has been well settled that injunctive relief is not available to private plaintiffs under the FCRA." *Young v. HSBC Mortg. Servs., Inc.*, No. 4:07CV646 HEA, 2007 WL 2083680, at *1 (E.D. Mo. July 13, 2007). *See also Young v. LVNV Funding, LLC*, No. No. 4:12CV01180AGF, 2012 WL 5508407, at *4 (E.D. Mo. Nov. 14, 2012) (striking request for injunctive relief from complaint asserting violations of the FDCPA and FCRA). Plaintiff does not oppose Defendant's motion with respect to this argument concerning his inability to seek injunctive relief. (ECF No. 18, at 2 n. 1) Consequently, Defendant's motion to dismiss is granted as it relates to the request for injunctive relief.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Seterus, Inc.'s Motion to Dismiss Plaintiff's Complaint (ECF No. 9) is **DENIED as moot**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss Plaintiff's Amended Complaint (ECF No. 14) is **GRANTED, in part,** as it relates to Plaintiff's request for injunctive relief and **DENIED, in part,** as it relates to Defendant's arguments that Plaintiff lacks standing to proceed and has failed to state a claim under the Fair Debt Collection Practices Act, 15 U.S.C. § 1962, *et seq.*

Defendant is reminded of its obligation to answer or otherwise respond to the First Amended Class Action Complaint (ECF No. 13) within the time set by the rules.

**IT IS FINALLY ORDERED** that Plaintiff Michael Spehr shall file a notice with the Court providing the referenced exhibits to the First Amended Class Action Complaint.

Dated this 6th day of September, 2019.

*/s/ Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**