# EXHIBIT F



EXHIBIT C

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
Civil Action No.: 1:15-cv-222

| | |
|---|---|
| MICHAEL A. HAGER and CYNTHIA G. HAGER,<br><br>Plaintiffs,<br><br>v.<br><br>SETERUS, INC.,<br><br>Defendant. | **NOTICE OF DEPOSITION TO SETERUS, INC.** |

TO:  Jasmine K. Gardner
BRADLEY ARANT BOULT CUMMINGS LLP
Bank of America Corporate Center
100 N. Tryon Street, Suite 2690
Charlotte, North Carolina 28202
Fax: 704.338.6077
jgardner@bradley.com
*Counsel for Defendant Seterus, Inc.*

**PLEASE TAKE NOTICE** that pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, the undersigned counsel for Plaintiff will take the deposition of the designated corporate officials representing Defendant Seterus, Inc. (hereinafter "Defendant" or "Seterus") on the date, time and location listed below:

Date:       July 11, 2016
Time:      10:00 AM
Location:  Maginnis Law, PLLC
                 4801 Glenwood Avenue, Suite 310
                 Raleigh, North Carolina 27612

The deposition may be recorded by videotape and stenographic means before a duly authorized officer and will continue from day to day until completed.

## PRELIMINARY STATEMENT

The Defendant noticed in this deposition is obligated to produce a knowledgeable witness about the facts, issues and documents referenced in this document. It may require the designation of more than one person. For the purposes of this deposition, please consider the following precedential cases to be a summary of the requirements Plaintiffs contend Defendant has to meet to produce a knowledgeable witness(es) in this matter.

The corporate designee need not have firsthand knowledge of the events in question, but to make the deposition meaningful, the designee must be prepared to provide "complete, knowledgeable, and binding answers on behalf of the corporation." *Marker v. Union Fidelity Life Ins. Co.*, 125 F.R.D. 121, 126 (M.D.N.C. 1989); *Vietnam Antitrust Litig.*, 216 F.R.D. 168 (D. D.C. 2003). Rule 30(b)(6) requires corporate parties to prepare their designee to testify with "reasonable particularity" as to areas of which it has knowledge, and as to those areas as to which it does not have knowledge, it must be prepared to introduce evidence explaining why it lacks such knowledge. *United States v. Taylor*, 166 F.R.D. 356, 362 (M.D.N.C. 1996). Producing an unprepared witness for a Rule 30(b)(6) deposition is tantamount to failure to appear. *Remediation Products, Inc. v. Adventus Americas, Inc.* Case No. 3:07-cv-153 (W.D.N.C. September 30, 2010) citing *Black Horse Lane Assoc., L.P. v. Dow Chem. Corp.*, 228 F.3d 275, 304 (3d Cir. 2000). The fact that such preparation may be burdensome or expensive will not suffice; instead, the burden is on the corporation to show that it is *unduly* burdensome or *unduly* expensive to so prepare. *Grevera v. Microsoft Corp.*, No 3:12-cv-261 (W.D.N.C. October 11, 2013).

The designee's preparation should include a review of prior fact witness deposition testimony as well as documents and deposition exhibits, even if that review would be burdensome. *Calzaturficio S.C.A.R.P.A. v. Fabiano Shoe Co.*, 201 F.R.D. 33, 36-37 (D. Mass. 2001); *Concerned Citizen v. Belle Haven Club*, 223 F.R.D. 39, 43 (D. Conn. 2004).

In cases where after depositions of a company's employees were taken, and then later Rule 30(b)(6) deposition notices are served that include topics partially covered in the previous corporate employee depositions, the courts have denied motions for protective orders seeking preclusion or limitation on the Rule 30(b)(6) deposition. *Foster-Miller, Inc. v. Babcock & Wilcox Canada*, 201 F.3d 1 (1st Cir. 2000) (burden on company to determine best designee to testify for corporation) (prior deposition of corporate fact witness did not preclude Rule 30(b)(6) deposition).

The case law is clear and unambiguous that Rule 30(b)(6) cannot be used to limit what is asked of the designated witness at a deposition. *King v. Pratt & Whitney*, 161 F.R.D.475(S.D. Fla. 1995). The description contained within the 30(b)(6) notice simply identifies the minimum to which a witness must be prepared to testify, not the maximum. *Detoy v. City and County of San Francisco*, 196 F.R.D.362, 366 (N.D. Cal 2000); *King*, supra at 475. The primary objective of discovery is to ensure that lawsuits are decided by what the facts reveal, not by what facts are concealed. "Generally, evidence objected to shall be taken subject to objections. As a rule, instructions not to answer questions at a deposition are improper. The only exception to Rule 30 is where serious harm would be caused."

## Opinions

Rule 30(b)(6) requires an organization "must not only testify about facts within [its] knowledge, but also its subjective beliefs and opinions." *United States v. Taylor*, 166 F.R.D. 356, 361-63 (M.D.N.C. 1996).

## Knowledge of Organization

Rule 30(b)(6) was intended to prevent serial depositions of various witnesses without knowledge from an organization and eliminate 'bandying," which is when several people are deposed but each in turn disclaims knowledge of facts that are clearly known to persons in the organization and thereby to the organization itself. Fed. R. Civ. P. 30(b)(6), Advisory Committee Note: 1970 Amendment. [T]he purpose of a Rule 30(b)(6) deposition is to get answers on the subject matter described with reasonable particularity by the opposing party, not to simply get answers limited to what the deponent happens to know." *Alexander v. Federal Bureau of Investigation*, 186 F.R.D. 148, 152 (D.D.C. 1999).

If the persons designated by the corporation do not possess personal knowledge of the matters set out in the deposition notice, the corporation is obligated to prepare the designees so that they may give knowledgeable and binding answers for the corporation. *Dravo Corp. v. Liberty Mut. Ins. Co.*, 164 F.R.D. 70, 75 (D.Neb.1995) (citing *Marker [v. Union Fid. Life Ins. Co.]*, 125 F.R.D. [121,] 126 [(M.D.N.C.1989)]). Rule 30(b)(6) explicitly requires [an organization] to have persons testify on its behalf as to all matters known or reasonably available to it and, therefore, implicitly requires such persons to review all matters known or reasonably available to it in preparation for the Rule 30(b)(6) deposition. This interpretation is necessary in order to make the deposition a meaningful one and to prevent the "sandbagging" of an opponent by conducting a half-hearted inquiry before the deposition but a thorough and vigorous one before the trial. This would totally defeat the purpose of the discovery process. The Court understands that preparing for a Rule 30(b)(6) deposition can be burdensome. However, this is merely the result of the concomitant obligation from the privilege of being able to use the corporate form in order to conduct business. *United States v. Taylor*, 166 F.R.D. 356, 361-362 (M.D.N.C.1996).

## Duty to Prepare

An organization cannot avoid its Rule 30(b)(6) obligations by "sticking its head in the sand" and refusing to look for the answers and then saying it does not know the answer. *In re Indep. Service Orgs. Antitrust Litig.*, 168 F.R.D. 651 653 (D. Kan. 1996). If the representative(s) cannot testify as to the corporation's collective information on the matters requested, then the corporation and/or its attorneys must collect the information and prepare the representative(s) so that the representative(s) can give complete, knowledgeable, and binding testimony. *Starlight Int'l Inc. v. Herlihy*, 186 F.R.D. 626. 638 (D. Kan. 1999). A thorough, 'reasonable" investigation may require an organization to rely on business records, other documents, interviews with present and former employees and the like. *United States v. Taylor*, 166 F.RD. 356, 361, affirmed, 166 F.RD. 367 (M.D.N.C. 1996). Imposing a duty to prepare its representative(s) ensures that an organization will not ambush an opponent by conducting half-hearted inquiry before the deposition but a thorough and vigorous one before trial. *Id.* at 362.

### No Objection because Difficult to Prepare

An organization cannot simply object to a Rule 30(b)(6) deposition, because the required investigation would be 'difficult' or 'time consuming.'" *Buycks-Roberson v. Citibank Federal Savings Bank*, 162 F.RD. 338. 343 (N.D. Ill. 1995). Even if corporate documents are voluminous and the review of those documents would be burdensome, a representative may still be required to review them in order to prepare for the deposition; such preparation is necessary because the individuals so deposed are required to testify to the knowledge of the corporation, not the individual. *Calzaturficio S.C.A.R.P.A. s.p.a. v. Fabiano Shoe Co.*, 201 F.RD. 33 (D. Mass. 2001).

### Former Employees

If the corporation no longer employs individuals who have memory of distant events or such individuals are deceased, this "still does not relieve corporation from preparing designee for deposition of corporation to extent matters are reasonably available, whether from documents, past employees, or other sources; while corporation may plead lack of memory, if it wishes to assert positions based on testimony from third parties, or their documents, designee still must present opinions as to why corporation believes the facts should be so construed. *United States v. Taylor*, 166 F.R.D. 356, affirmed, 166 F.RD. 367 (M.D.N.C. 1996).

### More than one Designee

A party has a duty to designate more than one deponent if it would be necessary to do so in order to respond to the relevant areas of inquiry that is specified with reasonable particularity. *Alexander v. Federal Bureau of Investigation*, 186 F.RD. 148, 151 (D.D.C.1999).

### Diligent Effort to Designate

Defendant Seterus is advised pursuant to Rule 30(b)(6), to serve on the parties, a designation specifying one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and setting forth, for each person designated, the matters on which she/he will testify or produce documents or things. The person so designated shall testify as to matters known or reasonably available to the organization.

### INSTRUCTIONS AND DEFINITIONS

1. "Plaintiffs" means Michael A. Hager and Cynthia G. Hager, and their agents, attorneys, and representatives.

2. The term "Defendant," as well as Defendant's full or abbreviated name or a pronoun referring to Defendant Seterus, shall include Seterus, Inc., all holdings of Seterus, and all agents, representatives, employees, attorneys, or other persons acting for or on behalf of Defendant. The term "Defendant" further refers to any previous legal entities of which Seterus is the successor, including all agents, representatives, employees, attorneys or other persons acting for or on behalf of such previous legal entities.

3. "Plaintiffs' Numbers" shall mean the telephone numbers that belong or used to belong to Plaintiff(s), including (828) 245-6766, (828) 245-6374, and (704) 477-8925.

4. All other terms shall have the same meaning as identified in Plaintiffs' Complaint and/or Plaintiffs' First Set of Interrogatories to Defendant Seterus, Inc.

5. The terms "relating to," "relate to", "referring to" and "refer to" as used herein shall mean constituting, comprising, containing, setting forth, showing, disclosing, describing, explaining, summarizing, referring to, supporting, contradicting, proving, disproving, or tending to prove or disprove, directly or indirectly, in whole or in part, and should be given the broadest possible scope consistent with the discovery rules contained in the Federal Rules of Civil Procedure.

6. The terms "communication" and "communications" mean all written and/or oral inquiries, discussions, conversations, negotiations, agreements, understandings, meetings, telephone conversations, letters, notes, telegrams, and e-mail.

7. The term "document" or "documents" is used in its broadest sense to include all material contemplated under Rule 34(a) of the Federal Rules of Civil Procedure, including, but not limited to "documents," "other tangible things," and any papers, or writings including drafts, and any mechanical or electronic recordings or records of any kind in your possession, custody and control, or of which you have knowledge, wherever located, whether an original or a copy, including agreements, financial statements, invoices, minutes, memoranda, e-mails, notes, records, medical or scientific articles or papers, interoffice communications, tapes or other records, telegrams, letters, photographs, drawings, data, reports, printed matter, publications, offers, bids, proposals or statements.

8. The terms "and", "and/or" and "or" are used inclusively, not exclusively and shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the Matters set forth herein any information which might otherwise be construed to be outside their scope.

## MATTERS ON WHICH EXAMINATION IS REQUESTED

1. Basic information pertaining to Seterus' corporate history, including its organizational structure, owners, whether it has ever been purchased, its assets and liabilities, whether its assets have been purchased, whether its liabilities have been assumed, and any holding companies associated with Seterus.

2. Information concerning Seterus' operation and business model pertaining to the purchase and/or servicing of consumer debts, including information as to how Seterus services loans that are acquired while in a state of default, the composition of your loan portfolio(s), including but not limited to the proportion of loans that you own and/or service that were acquired while in a state of default, and basic information pertaining to the revenue and/or profit generated from the same.

3. Defendant's policies and procedures for ensuring compliance with the Fair Debt Collection Practices Act and/or the North Carolina Collection Agency Act.

4. Defendant's policies and procedures regarding the use of "suspense accounts."

5. Defendant's policies and procedures for accelerating consumers' debt obligations.

6. Defendant's policies and procedures for initiating foreclosure proceedings.

7. Defendant's policies and procedures for assessing fees, including late fees.

8. Defendant's policies and procedures for ensuring compliance with consumers' deeds of trust and/or promissory notes in the collection of debt.

9. Defendant's policies and procedures for reviewing and/or auditing its collection policies and procedures with regard to consumers' deeds of trusts.

10. Defendant's policies and procedures for hiring third parties to conduct property inspections and/or assessing property inspection fees.

11. Defendant's policies and procedures for collecting upon consumer debts, including but not limited to its use of telephonic communications and written correspondence.

12. Defendant's policies and procedures for recording telephone conversations with consumers and third parties.

13. Defendant's policies and procedures for document retention and destruction.

14. All training provided to Defendant's employees relating to the collection of any alleged debt during the Relevant Time Period.

15. Information concerning the specific background and history of the Loan and Seterus' purchase and servicing of the same, including detailed background regarding the circumstances surrounding your acquisition of the Debt.

16. A detailed explanation of any review, investigation, or audit by you in regards to the Loan and/or Debt, Deed of Trust, and Promissory Note.

17. Information concerning the specific employees or agents who have communicated with Plaintiffs, or either of them, the content of any such communications, and the location and content of documents pertaining to or containing any such communications.

18. Information concerning the system(s) Defendant maintains, operates, or has maintained at any relevant time to record contacts of your employees or agents with consumers in connection with the collection of debt.

19. A full description of any automatic or automated processes in place to alert individuals of any amount allegedly owed to you, including loan/mortgage payments, late fees, inspection fees, or any other amount alleged to be owed.

20. Information concerning the date, substance, and specific employee(s) or agents involved in sending or responding to written correspondence sent to or received from Plaintiffs, including any statements, invoices, statement of accounts, statement of amounts owed, or any other correspondence.

21. The specifics of Defendant's communications with Plaintiffs, including the purpose for each and every telephone call or written correspondence to Plaintiffs or Plaintiffs' Numbers.

22. Information concerning the dates, substance, and specific employee(s) or computer system(s) involved in sending written correspondence to Plaintiffs.

23. A detailed explanation and accounting of any and all payments made from Plaintiffs during the Relevant Time Period, including information pertaining to each instance in which Plaintiffs were alleged to have failed to make, or been late in making Loan payments or any other payment.

24. The specifics of any recorded communications with Plaintiffs and the substance of each such recording.

25. Each and every association(s) and/or contractual relationship(s) with any entities, contractors or sub-contractors which Defendant engaged or employed to provide property inspections in connection with the Property.

26. The factual basis for the answering and/or denial of any part of Plaintiffs' Complaint.

27. The factual basis for any affirmative defense to which Defendant contends it is entitled in this matter.

28. Defendant's Answers and Supplemental Answers to Plaintiffs' First Set of Interrogatories to Defendant and Defendant's Answers and Supplemental Answers to Plaintiffs' First Request for the Production of Documents to Defendant, including all documentation identified or produced by Defendant.

29. A detailed explanation of all documentation produced by Defendant in discovery.

30. Previous lawsuits filed against Defendant in which it was alleged Defendant violated the Fair Debt Collection Practices Act and/or the North Carolina Collection Agency Act.

Respectfully submitted this the 24th day of June, 2016.

                                            **MAGINNIS LAW, PLLC**
*Counsel for Plaintiffs*

BY: _____
EDWARD H. MAGINNIS
N.C. State Bar No. 39317
ASA C. EDWARDS IV
N.C. State Bar No. 46000
KARL S. GWALTNEY
N.C. State Bar No. 45118
4801 Glenwood Avenue, Suite 310
Raleigh, North Carolina 27612
Telephone:   919.526.0450
Fax:             919.882.8763
emaginnis@maginnislaw.com
aedwards@maginnislaw.com
kgwaltney@maginnislaw.com

8

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
Civil Action No.: 1:15-cv-222

MICHAEL A. HAGER and )
CYNTHIA G. HAGER, )
             Plaintiffs, )
                          )     **CERTIFICATE OF SERVICE**
v. )
                         )
SETERUS, INC., )
             Defendant. )

     The undersigned counsel hereby certifies that he has this day served a copy of the foregoing NOTICE OF DEPOSITION TO SETERUS, INC. upon all parties set forth below via facsimile, email, and by depositing the same into the exclusive care, custody and control of the United States Postal Service in a postage-paid envelope addressed to the following:

Jasmine K. Gardner
BRADLEY ARANT BOULT CUMMINGS LLP
Bank of America Corporate Center
100 N. Tryon Street, Suite 2690
Charlotte, North Carolina 28202
Fax: 704.338.6077
jgardner@bradley.com
*Counsel for Defendant Seterus, Inc.*

This the 24th day of June, 2016.

                                                                             Karl S. Gwaltney